Ruffin, C. J.
 

 The return of this case has presented to the attention of the Court a second time the question, whether the republication of a dated holograph will, lodged and found as prescribed in the act of 1784, can be established, by parol proof of declarations, merely, of the testator. It has received much consideration, and it is owned, that the more it has been reflected on, the more questionable the affirmation of the proposition seems to be. Republication makes a will operate from the period of the republication, as if it had been then executed ; so as, ‘for example, to pass land acquired between the ori«
 
 *462
 
 ginal execution and the republication. Then, to allow of a republication by verbal declaration simply is, in effect, to give another date to the instrument, so as, by means of parol evidence of such declarations, to make it pass land acquired up to such new date, or, in other words, to render it to that extent a different instrument from what it purports on its face to be. It may be, that, from necessity, such evidence of a publication or republication of wills of this kind must be competent, in order to show that the party deceased was treating it. as his complete d will. But it is, obviously, dangerous evidence, and it may defeat the policy of the acts, in requiring something more than words to constitute either a publication or a revocation of a will. The Court, however, declines deciding the point, choosing to leave it open to discussion whenever it shall be essential to rights in controversy. It is not so in the present case ; for. if evidence of this kind be competent at all, it is clear that the declarations of this testator fall short of showing the slightest intention to publish this paper as a will of July 1847, as contradistinguished from one of May 2Gth, 1833. There is not a single expression among those proved, which tends to establish any purpose of republication. On the other hand, every thing he said tends to ihe contrary ; and it appears plainly that he was dissatisfied with ir,, as a will, in the slate ol things then existing, and meant to make another. lie could not, therefore, have intended then to republish this paper ; and, although, by virtue of the act against parol revocations, it remained in force, notwithstanding the testator’s dissatisfaction, yet his expressed wish and design to make another will furnishes a conclusive argument against the supposition, that this will was intended to be republished. The premises sued for descended, therefore, to the heirs .at lawr, and the judgment is affirmed.
 

 Per Curiam.
 

 Judgment affirmed.